UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RONIELD ABREU,

                Plaintiff,

  -against-                      ORDER
                                   10-CV-4393(JS)(ARL)

NASSAU COUNTY CORRECTION
DEPARTMENT,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Ronield Abreu, Pro Se
                      # 10005083
                      Nassau County Correctional Center
                      100 Carman Avenue
                      East Meadow, NY 11554

For Defendant:     No Appearance.

SEYBERT, District Judge:

        On September 23, 2010, incarcerated pro se plaintiff Ronield Abrue ("Plaintiff") filed a Complaint in this Court against the Nassau County Correction Department pursuant 42 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis. Plaintiff's request for permission to proceed in forma pauperis is GRANTED, and, for the reasons that follow, the claim against Nassau County Correction Department is sua sponte DISMISSED WITH PREJUDICE and the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

        According to Plaintiff's sparse handwritten Complaint, the Plaintiff was in the "Housing Unit" on an unspecified date when he was "attacked by several inmates from behind and rendered

unconscious. . . ." Compl. at ¶ IV. Plaintiff claims that "while this [assault] was taking place no officer interceded or came to my aid" which "thereby allow[ed] the pummelling to continue." Compl. at ¶ IV. As a result, Plaintiff claims that he now suffers from "migraine headache and sporatic [sic] memory loss." Compl. at ¶ IV. A. Plaintiff seeks to recover two million dollars in compensatory damages from the Defendant. Compl. at ¶ V.

## DISCUSSION

### I. In Forma Pauperis

Having reviewed Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

### II. The Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's pro se complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Chavis v. Chappius, __ F.3d __, 2010 WL 3221875, at *6 (2d Cir. Aug. 17, 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, __ F.3d __, 2010 WL 3221875, at *6 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., __ F.3d __ 2010 WL 3611392, at *6 (2d Cir. Sept. 17, 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

A. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983 (2000).

To state a Section 1983 claim, a plaintiff must allege

3

(1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010), cert. denied sub nom Cornejo v. Monn, __ S. Ct. __, 2010 WL 2300385 (Oct. 4, 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

In addition, in order to state a claim for relief under Section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut

4

v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 Fed. Appx. 199, 2010 WL 93110, at *1 (2d Cir. Jan. 12, 2010).

B.  Defendant Nassau County Correction Department

The sole Defendant named in the Complaint is the Nassau County Correction Department. "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." See Toomer v. County of Nassau, 07-CV-1495 (JFB)(ETB), 2009 WL 1269946, at *1, n. 1 (E.D.N.Y. May 5, 2009) ("Nassau County Correctional Facility, or any department thereof is an 'administrative arm []' of the municipal entity, the County of Nassau, and thus lacks the capacity to be sued as a separate entity"); see also Carthew v. County of Suffolk, __ F. Supp. 2d __, 2010 WL 1794618, at *4 (E.D.N.Y. May 6, 2010) (holding that the Suffolk County police department is an administrative arm of the County and, thus, lacks the capacity to be sued); Barreto v. Suffolk County, No. 10-CV-0028 (JS), 2010 WL 301949, at * 2 (E.D.N.Y. Jan. 20, 2010) (holding that local police departments, such as the Suffolk County police department, are administrative arms of the County without the capacity to sue or be sued).

Since the Nassau County Correction Department is an

5

administrative arm of Nassau County, without a legal identity separate and apart from the County, it lacks the capacity to be sued. Accordingly, Plaintiff's claims against the Nassau County Correction Department are dismissed with prejudice.

   C.  Federal Rule of Civil Procedure 8

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See Fed. R. Civ. P. 8; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. See Alfaro Motors, 814 F.2d at 887.

Notwithstanding the liberal pleading standards afforded pro se litigants, all complaints must contain at least "some minimum level of factual support for their claims," Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Given that Plaintiff's Complaint fails to comply with Rule 8's requirements, it is dismissed without prejudice.

III. <u>Leave to Amend</u>

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." When addressing a <u>pro se</u> complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Thompson v. Carter</u>, 284 F.3d 411, 419 (2d Cir. 2002) (citing <u>Branum v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991)). Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 191 (2d Cir. 2008) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." <u>Foman</u>, 371 U.S. at 182, 83 S. Ct. 227. However, if amendment would be futile, i.e., if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. <u>See</u> <u>Lucente v. International Business Machines Corp.</u>, 310 F.3d 243, 258 (2d Cir. 2002).

Since Plaintiff is proceeding <u>pro se</u>, he is granted leave

7

to amend his Complaint to properly replead his Section 1983 claim. Plaintiff shall file any Amended Complaint in accordance with this Order by November 30, 2010 or his Complaint will be deemed dismissed with prejudice.

CONCLUSION

IT IS HEREBY ORDERED that Plaintiff is granted leave to file the Complaint without prepayment of the $350.00 filing fee; and

IT IS FURTHER ORDERED that the Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's statement in his in forma pauperis application annexed hereto; and

IT IS FURTHER ORDERED that the agency holding Plaintiff in custody calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; and

IT IS FURTHER ORDERED that the Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account and shall forward the payments to the appropriate courts sequentially if there are multiple fee-related encumbrances, rather than collect multiple fees at the same time that exceed

twenty percent of the prisoner's trust found account; and

IT IS FURTHER ORDERED that the Clerk of the Court must mail a copy of this Order, together with Plaintiff's authorization, to the Plaintiff and the Superintendent of the facility in which Plaintiff is incarcerated; and

IT IS FURTHER ORDERED that the Complaint is DISMISSED against Nassau County Correction Department with prejudice; and

IT IS FURTHER ORDERED that the Complaint is otherwise DISMISSED without prejudice; and

IT IS FURTHER ORDERED that Plaintiff may file an Amended Complaint in accordance with this Order by November 30, 2010. Plaintiff is warned that a failure to timely file an Amended Complaint will lead to the dismissal of his Complaint with prejudice. Any such Amended Complaint must be labeled "Amended Complaint" and must bear the docket number 10-CV-04393 (JS)(ARL).

SO ORDERED.

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 3, 2010
Central Islip, New York